IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | Criminal No.    1:25-CR-195 (MAD) |
| | ) | |
| **v.** | ) | **Information** |
| | ) | |
| **CHRISTOPHER SNYDER,** | ) | Violation:   18 U.S.C. §§ 1349, 1343 |
| | ) | [Conspiracy to Commit Wire Fraud] |
| **Defendant.** | ) | |
| | ) | |
| | ) | 1 Count and Forfeiture Allegation |
| | ) | |
| | ) | Counties of Offense:   Albany & Warren |

**THE UNITED STATES ATTORNEY CHARGES:**

**COUNT 1**
**[Conspiracy to Commit Wire Fraud]**

From in or around June 2023 through in or around January 2024, in Albany and Warren Counties in the Northern District of New York, and elsewhere, the defendant, **CHRISTOPHER SNYDER**, conspired with Kris Roglieri and Co-Conspirator-1 to commit wire fraud by devising and intending to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and transmitting and causing to be transmitted by means of wire communication in interstate commerce writings, signs, and signals for the purpose of executing such scheme and artifice, in that **SNYDER**, Roglieri, and Co-Conspirator-1 agreed to defraud and defrauded borrower clients of Prime Capital Ventures, LLC ("Prime") of due diligence fees and "Interest Credit Account Payments" (or "ICA" payments) based on their false and fraudulent promises and representations that, among other things, Prime could make large commercial loans to the clients and that the clients' ICA payments would be kept in separate and distinct accounts and would be refundable if Prime failed to secure loans for the clients. In furtherance of their scheme to defraud,

**SNYDER**, Roglieri, and Co-Conspirator-1 transmitted and caused to be transmitted numerous interstate wire communications, including a wire transfer that Roglieri initiated from his Warren County residence to KeyBank, N.A. servers in Ohio on or about December 22, 2023, transferring $950,000 of a new Prime client's $5 million ICA payment to an older Prime client as partial loan funding for the older client's real estate project.

All in violation of Title 18, United States Code, Sections 1349 and 1343.

## FORFEITURE ALLEGATION

The allegations contained in Count 1 of this information are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

Upon conviction of an offense in violation of Title 18, United States Code, Sections 1349 and 1343, as set forth in Count 1 of this information, the defendant, **CHRISTOPHER SNYDER**, shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes and is derived from proceeds traceable to the offense of conviction. The property to be forfeited includes, but is not limited to, the following:

    a. a money judgment in the amount of $233,000.

### Substitute Assets

If any of the property described in the Forfeiture Allegation above, as a result of any act or omission of the defendant, either: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of

America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p) and Federal Rule of Criminal Procedure 32.2(e).

Dated: May 16, 2025

JOHN A. SARCONE III
United States Attorney

By: _____

Joshua R. Rosenthal
Michael Barnett
Assistant United States Attorneys
Bar Roll Nos. 700730 & 519140